## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **AERITAS, LLC,** | |
| Plaintiff, | |
| v. | **C.A. No. 11-969-SLR** |
| **DELTA AIRLINES, INC.,** | |
| Defendant. | |

### NOTICE OF SERVICE OF SUBPOENA PURSUANT TO FED. R. CIV. P. 45 (NCR Corp.)

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, plaintiff Aeritas, LLC has served a Subpoena in a Civil Case for documents and things on NCR Corp., as set forth in the copy of the subpoena attached hereto.

March 9, 2012

OF COUNSEL:

Marc A. Fenster
Andrew D. Weiss
Branden D. Frankel
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
(310) 826-7474
mfenster@raklaw.com
aweiss@raklaw.com
bfrankel@raklaw.com

BAYARD, P.A.

*/s/ Richard D. Kirk* (rk0922)
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Attorneys for plaintiff, Aeritas, LLC

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia

| | | |
|---|---|---|
| AERITAS, LLC, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   11-00969-SLR |
| DELTA AIRLINES, INC., | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Delaware          ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  NCR Corp., c/o CT Corporation System, 1201 Peachtree Street NE, Atlanta, GA 30361

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  See Attachment A.

| Place: A-1 Court Reporters/Depo Dynamics<br>3235 Satellite Blvd., Building 400, Suite 300<br>Duluth, GA 30096 | Date and Time:<br><br>03/22/2012 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  02/29/2012

CLERK OF COURT

_____         OR         _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          Aeritas, LLC
_____ , who issues or requests this subpoena, are:

Branden Frankel, RUSS AUGUST & KABAT, 12424 Wilshire Blvd., 12th Floor, Los Angeles, CA 90025
bfrankel@raklaw.com; (310) 826-7474

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   11-00969-SLR

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   NCR Corp., c/o CT Corporation System _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

· I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## <u>INSTRUCTIONS</u>

1.      This request requires the production of all of the specified items in the actual or constructive possession, custody or control of the responding party and/or the responding party's present and/or former employees, officers, directors, agents, representatives, attorneys, accountants, underwriters, investigators or other persons in any way acting or purporting to act on behalf of or attributable to the responding party. If any item was, but no longer is, in such possession, custody or control of the responding party, please state whether and when it:  (a) has been lost or destroyed; (b) has been transferred to another person, either voluntarily or involuntarily; or (c) has been otherwise disposed of. In each such case, explain the circumstances and dates surrounding such disposition, e.g., at whose direction, for what purpose, pursuant to what authority, what record was made, etc.

2.      Where a requested document is not in your possession, custody, or control, state the names of the persons who have possession, custody, or control of such document. If such document was in your possession, custody, or control in the past but is no longer in your possession, custody, or control, state what disposition was made of it, the reasons for such disposition, identify the persons having any knowledge of such disposition, and identify the persons responsible for such disposition.

3.      Whenever objection is asserted to a particular request or portion thereof, please produce all responsive items or parts thereof, which are not subject to such objection.    Similarly, wherever an item is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, information and belief and with as much particularity as possible, those portions of the item which are not produced.

4.      Please produce items in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive.

5.      The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual constructions will serve to bring within the course and scope of a request any item(s) which would otherwise not be brought within its scope.

6.      The singular form shall include the plural and vice versa wherever such dual construction will serve to bring within the scope of a request any item(s) which would otherwise not be brought within its scope.

7.      This request requires the production of items in the same form and in the same filing manner order as existing and maintained prior to production.  The items are to be produced in the same boxes, files, folders or other containers or storage media in which the items were found.   All titles, labels or other descriptions of the files, documents, etc. are to be left intact.

8.    With respect to any item that you withhold on a claim of privilege, provide a statement, signed by one of your attorneys, setting forth as to each such document:

(a)    The name(s) of the sender(s) of the item;

(b)    The name(s) of the author(s) of the item;

(c)    The name(s) of the person(s) to whom the original or copies were sent;

(d)    The date of the item;

(e)    The date on which the item was received by those having possession of the item;

(f)    The statute, rule or decision that is claimed to give rise to the privilege;

(g)    A summary of the contents of the item without disclosing the matter that you claim is privileged.

## DEFINITIONS

1.    "Continental" means Continental Airlines, Inc. and its past and present direct and indirect parents, subsidiaries, affiliates, divisions, business units, predecessors in interest, and further includes their respective past and present officers, directors, agents, employees, members and representatives, and all other persons acting on behalf of any of them.

2.    "United" means United Airlines, Inc. and its past and present direct and indirect parents, subsidiaries, affiliates, divisions, business units, predecessors in interest, and further includes their respective past and present officers, directors, agents, employees, members and representatives, and all other persons acting on behalf of any of them.

3.    "Delta" means Delta Airlines, Inc. and its past and present direct and indirect parents, subsidiaries, affiliates, divisions, business units, predecessors in interest, and further includes their respective past and present officers, directors, agents, employees, members and representatives, and all other persons acting on behalf of any of them.

4.    "Alaska" means Alaska Air Group, Inc. and its past and present direct and indirect parents, subsidiaries, affiliates, divisions, business units, predecessors in interest, and further includes their respective past and present officers, directors, agents, employees, members and representatives, and all other persons acting on behalf of any of them.

5.    "US Airways" means US Airways, Inc. and its past and present direct and indirect parents, subsidiaries, affiliates, divisions, business units, predecessors in interest, and further includes their respective past and present officers, directors, agents,

employees, members and representatives, and all other persons acting on behalf of any of them.

6.     "Defendants" means Continental, United, Delta, Alaska and US Airways.

7.     "Aeritas Litigations" means *Aeritas v. Alaska Air Group, Inc.*, Case No. 1:11-cv-967-SLR (D. Del.), *Aeritas v. Continental Airlines, Inc.*, Case No. 1:11-cv-968-SLR (D. Del.), *Aeritas v. Delta Airlines, Inc.*, Case No. 1:11-cv-969-SLR (D. Del.), *Aeritas v. United Airlines, Inc.*, Case No. 1:11-cv-970-SLR (D. Del.) and *Aeritas v. US Airways Group, Inc. et al.*, Case No. 1:11-cv-1267-SLR (D. Del.).

8.     "Patents-in-Suit" means U.S. Patent No. 7,209,903 and U.S. Patent No. 7,933,589.

9.     "You," "your," and "Mobiqa/NCR" mean NCR Corp., Mobiqa, Ltd. and their past and present direct and indirect parents, subsidiaries, affiliates, divisions, business units, predecessors in interest, and further includes their respective past and present officers, directors, agents, employees, members and representatives, and all other persons acting on behalf of any of them.

10.     "Document" means the documents and things within the broadest scope of the Federal Rules of Civil Procedure, including electronically stored information, data, source code, material stored in any media, and any other information stored magnetically, optically or electronically.

11.     "Communication" includes without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic, or other methods used), as well as any note, memorandum, correspondence or other record.

12.     "Relate to" or "relating to" is used in its customary broad sense, and, without limitation, including identifying, concerning, pertaining to, referring to, reflecting, mentioning, discussing, representing, embodying, illustrating, substantiating, evidencing, describing, constituting or in any manner whatsoever being logically or factually connected with the matter discussed.

13.     "Mobile Boarding Application" means any product, software, service, system or solution made available by or through or in conjunction with Mobiqa/NCR that facilitates the use of a wireless device for the purposes of obtaining and using a boarding pass to board an airplane, including but not limited to, the "Mobile Suite," "mobi-pass™," "mobi-web™," and "mobi-kiosk™" products and services as referenced on the website http://www.mobiqa.com/airlines.

14.     "Accused Product" means any product, software, service, system or solution made available by or through or in conjunction with any Defendant that facilitates storage, access to or use of information for the purposes of bypassing airport security and/or boarding an airplane, including but not limited to Defendants' products:

Continental: "Mobile Boarding Documents," "Mobile Check-in," and "Mobile Boarding Pass."

United: "Mobile Site," "Mobile Check-in," and "Mobile Boarding Documents."

Delta: "Mobile services," "Mobile Check-in," and "eBoarding Pass."

Alaska: "Mobile Application," "Mobile Site," "Mobile Check-in," and "Mobile Boarding Pass."

US Airways: "Mobile US Airways," "Mobile Site," "Mobile Check-in," and "Mobile Boarding Pass."

## DOCUMENT REQUESTS

1.      All communications with one or more of the Defendants regarding the Aeritas Litigations.

2.      All documents and communications related to the Patents-in-Suit.

3.      All communications with one or more of the Defendants related to the operation of any Mobile Boarding Application and/or any Accused Product since 2007.

4.      All agreements with any Defendant regarding any Mobile Boarding Application and/or any Accused Product.

5.      All communications with one or more of the Defendants regarding any indemnity or duty to defend claims related to the Aeritas Litigations.

6.      Documents (not including source code) sufficient to identify the design and operation of any Mobile Boarding Applications used by one or more of the Defendants since 2007.

7.      Documents sufficient to identify the configuration (or configurations) of any Mobile Boarding Application used by one or more of the Defendants since 2007.

8.      Native source code (*e.g.,* C++, Flash, etc.) for any Mobile Boarding Applications used by one or more of the Defendants.

9.      All documents related to any market or consumer research, study and/or survey, undertaken with respect to any Mobile Boarding Application concerning the absolute or relative advantages or benefits thereof to Mobiqa/NCR's customers or prospective customers, including any Defendant.

10.     All documents referring to or consisting of marketing or advertising regarding any Mobile Boarding Application that touts the advantages or value of said Mobile Boarding Application, including without limitation sales pitches and/or presentations made to prospective customers, including any Defendant.